# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUSTIN ANDRE LAMOUREUX,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:24-cv-458-TKW-MAF**

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se, submitted a civil rights complaint to this Court using a mix of notebook paper and portions of the complaint form used in the United States District Court for the Southern District of Florida. ECF No. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF No. 3. There are numerous substantive deficiencies with Plaintiff's complaint, but the glaring problem is Plaintiff's decision to file this in the Northern District when proper venue lies in the Southern District.

Though Plaintiff only lists one Defendant (State of Florida) under the case-header and party information section, in reality he is attempting to sue numerous officials associated with his criminal and family law cases in Martin County, Florida. This is seen across each of his twenty claims in numbered paragraphs that begin with the following format: "Plaintiff is entitled to relief

against Defendant, in that, on [date in question] in Martin County, Florida, the Defendant, State of Florida, by and through [official in question], did intentionally and unlawfully deprive under color of law Plaintiff's [various constitutional rights]." E.g., ECF No. 1 at 1-17. The state and local officials Plaintiff names include prosecutors, assistant public defenders, judges, an evaluating psychiatrist, deputies with Martin County Sheriff's Office, and seemingly anyone involved in his pending cases between 2021 and 2024.[1]

Plaintiff is a pretrial detainee at the Martin County Jail. All named de facto Defendants are also located in Martin County, Florida. And while Plaintiff's statement of facts is not entirely legible, it appears that the events at issue took place either at the Martin County Courthouse, the Treasure Coast Forensic Treatment Center, or the Martin County Jail. Martin County is not within the territorial jurisdiction of this Court; it is located within the Southern District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

---

[1] Plaintiff has two pending criminal cases and one pending family law case in the 19th Judicial Circuit (Martin County): State of Florida v. Justin Lamoureux, Case Nos. 2021-CF-1106 and 2024-CF-485; Schreffler v. Brown, et al., Case No. 2021-DR-154.

28 U.S.C. § 1391(b)(1)-(2). Venue is appropriate in the Southern District of Florida because the Defendants reside there, Plaintiff is located there, and Plaintiff's claims took place there.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. <u>Kapordelis v. Danzig</u>, 387 F. App'x 905, 906 (11th Cir. 2010); <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). Justice is better served by transferring this case to the appropriate forum rather than dismissing it. There is no need for a hearing prior to directing transfer.

The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Southern District of Florida, Ft. Pierce Division. That Court is also in the best position to determine if Plaintiff is entitled to in forma pauperis status, especially because Plaintiff's instant complaint is missing the required list of his litigation history.

This transfer should come as no surprise to Plaintiff because he has filed similar complaints dealing with some of the same issues in the Southern District of Florida, either as habeas petitions, notices of removal, or a civil rights complaint. Those cases have all been dismissed. E.g., <u>Lamoureux v. Waters, et al.</u>, Case No. 2:23-cv-14138-RS (S.D. Fla. August 3, 2023); <u>Lamoureux v. State of Florida</u>, Case No. 2:23-cv-14010-AMC (S.D. Fla. March 14, 2023); <u>Lamoureux v. State of Florida</u>, Case No. 2:22-cv-14269-DPG (S.D. Fla. July 28, 2022). It is not lost on this Court that Plaintiff likely filed this action in the wrong district intentionally given his unfavorable history with the Southern District. Plaintiff is cautioned that misuse of the court system can result in sanctions including dismissal, fines, or filing limitations.

## RECOMMENDATION

For the reasons discussed, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Florida, Ft. Pierce Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on November 14, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).